UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VALERIE JADDO, Individually and as Administrator of the Estate of STEVEN BARRIER Jr., Deceased, on behalf of the Estate and Next of Kin, and the CONNECTICUT LEGAL RIGHTS PROJECT, INC., <br><br>               Plaintiffs,<br>         -against-<br><br>SERGEANT MICHAEL CONNELLY, OFFICER RHETT CONNELLY, OFFICER TROY C. JUDGE, LIEUTENANT DOUGLAS R. DIESO, and THE TOWN AND CITY OF STAMFORD, CONNECTICUT,<br><br>               Defendants. | Civil Action No.:<br>3:21-cv-00350-MPS<br><br>**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING** |

Date Complaint Filed: 03/16/2021

Complaint Served on: 04/01/2021

Amended Complaint Filed on: 06/08/2021

Defendants Appeared on: 04/13/2021

     Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 25, 2021. The participants were:

     Alan Fuchsberg, Esq and Kelly A. Fitzpatrick, Esq. for plaintiff Valerie Jaddo, Individually and as Administrator of the Estate of Steven Barrier Jr., Deceased, on behalf of the Estate and Next of Kin, and the Connecticut Legal Rights Project, Inc., on behalf of the population it services,

     Barbara L. Coughlan, Esq. for defendants Sergeant Michael Connelly, Officer Rhett Connelly, Officer Troy C. Judge, Lieutenant Douglas R. Dieso, Stamford Police Department, and the City Of Stamford, Connecticut.

**I.**     **Certification**

     The Undersigned counsel certify that (a) they have discussed the nature and basis

of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolutionof the case; and (b) they have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.     Subject Matter Jurisdiction

Claims in the pleading that form the basis for subject matter jurisdiction of this action arise under the Constitution of the United States of America, including specifically the Fourth and the Fourteenth Amendments to the Constitution, and Federal laws, including 42 U.S.C. § 1983, Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), Rehabilitation Act (29 U.S.C. § 794), which raise Federal Questions pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over all other Connecticut State claims as they are related to and part of the same case or controversy pursuant to 28 U.S.C. § 1367.

The defendants are in the proces of reviewing the plaintiff's Amended Complaint and once they have done so, will be better able to determine whether there are any issues regarding subject matter jurisdiction.

### B.     Personal Jurisdiction

All parties are residents of the State and District of Connecticut.

## III.    Brief Description of the Case

### A.     Claims of Plaintiffs:

*Claims of Plaintiff Valerie Jaddo, as Administratrix of the Estate of Steven Barrier*

Defendants violated decedent Steven Barrier ("Mr. Barrier")'s rights under the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 by its officers' using unreasonable and excessive force in arresting and detaining Mr. Barrier. In addition, Defendants violated Mr. Barrier's rights under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983

by recklessly disregarding Mr. Barrier's need for emergency psychiatric and medical care and treatment. Defendants' violation of Mr. Barrier's civil rights resulted in Mr. Barrier suffering extraordinary conscious pain and suffering, culminating in his wrongful death on the morning of October 23, 2019, which was Mr. Barrier's 23rd birthday.

Defendants also violated Mr. Barrier's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 by having a pattern of applying the laws in an intentionally discriminatory manner when acting as first-responders to individuals of color having psychiatric health crisis, compared to white individuals having same crisis. Defendants also deprived Mr. Barrier's rights under the Americans with Disabilities Act and Rehabilitation Act for refusing to take him to a hospital to receive life-saving medical and psychiatric treatment when it was obvious that he needed it. Defendants denied Mr. Barrier adequate, reasonable accommodations, including ready access to psychiatric services while he was in mental health crises.

In addition, Defendants violated Mr. Barrier's Connecticut State Constitution and Connecticut State laws (including civil rights laws, wrongful death, and negligence) by refusing and failing to provide Mr. Barrier with reasonable or adequate medical care while he was in their custody, resulting in his conscious pain and suffering and wrongful death.

*Claims of Plaintiff Connecticut Legal Rights Project ("CLRP")*

CLRP seeks declaratory and injunctive relief to redress impending harm to its activities caused by Defendants' future unlawful acts and omissions in their treatment of Stamford residents with mental disabilities. CLRP seeks an injunction directing the Defendant THE TOWN AND CITY OF STAMFORD, CONNECTICUT, to respond to incidents involving psychiatric emergencies by sending a community-led, non-police mental health response team as primary responders. CLRP maintains that such injunctive relief will reduce unnecessary police interactions, avoid unreasonable detentions, and prevent or reduce the use of excessive force toward people with mental health disabilities. CLRP has an organizational standing in this lawsuit as a non-profit organization dedicated to improving the rights and protecting the civil rights of Connecticut residents with psychiatric disabilities, including having to divert its resources to ensure legal rights of individuals with mental health disabilities are protected in police custody.

**B.    Defenses of Defendants:**

The defendants deny the plaintiffs' claims and will be asserting special defenses, such as qualified immunity and discretionary immunity.

**IV.    Statement of Undisputed Facts**

At this time, Defendants have not yet filed a responsive pleading. However, counsel certifies that they have made a good faith attempt to determine whether any material facts are not in dispute. The parties state that the following facts are currently undisputed:

1. Steven Barrier Jr. ("Mr. Barrier") was in police custody on October 23, 2019.

2. Mr. Barrier died on October 23, 2019 at the age of twenty-three.

**V.      Case Management Plan**

   **A.      Initial Disclosures**

Initial disclosures will be served by 7/24/2021.

   **B.      Scheduling Conference**

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

   **C.      Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do **not** request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   **D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    **1.**    Plaintiff(s) have filed an Amended Complaint.

    **2.**    Defendants have until June 19, 2021 to respond to the Amended Complaint or to renew their Motion to Dismiss.

    **E.**    **Discovery**

    **a.**    Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case" :

> **Plaintiff's Position:** At this time, Plaintiff does not anticipate any deviations from the requirements and provisions of Fed. R. Civ. P. 26-37.
>
> **Defendant's Position (if different):**

    **b.**    *The parties anticipate that discovery will be needed on the following subjects:*

Plaintiff's believes that discovery will be needed to:

1. exchange all information, testimony, and documents concerning relevant customs, policies, practices, training, licensing, standards, and procedures of the Defendants, including but not limited to those concerning police officers' interaction with individuals with psychiatric disabilities, implicit bias training, emergency medical response, utilizing emergency medical services or ambulances, cardiopulmonary resuscitation ("CPR"), defibrillators, and police body camera usage. Specifically, Plaintiffs request that Defendants provide all manuals, policies, training programs, and licensing information regarding the aforementioned subjects.

2. to the extent not already publicly available, exchange all relevant videos, audios, recordings, photographs, surveillance footages, police reports, investigation reports, statements,

emails, correspondence, text messages, memoranda, and other materials that captured or concern the events at issue in this case.

      3. to exchange all investigation reports and minutes as to why and when the body cameras were turned off by some police officers.

      4. exchange all the items referenced in #2 above regarding all interactions the Stamford Police Department had with Mr. Barrier or Plaintiff Ms. Jaddo at any prior point during Mr. Barrier's life.

      5. exchange all medical records including those in the custody of the medical examiner's office.

      While the defendants agree that some of the information listed by the plaintiff above may be relevant and subject to discovery, some of it may not be. The defendants will also seek information regarding Mr. Barrier's medical condition preceding this incident and information concerning his educational and work history. They will seek documents identified in the complaint and any evidence supporting the allegations of the complaint, including claims of damages.

    **c.**    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by August 1, 2021 and completed (not propounded) by May 1, 2022.

    **d.**    Discovery will not be conducted in phases.

    **e.**    If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: N/A,

    **f.**    The parties anticipate that the plaintiff(s) will require a total of **6 to 10** depositions of fact witnesses and that the defendant(s) will require a total of **3-5** depositions of fact witnesses. The depositions will commence by **August 1, 2021** and be completed by

**May 1, 2022**.

    g.    The parties **will** request permission to serve more than 25 interrogatories.

    h.    Plaintiff/s [**intend**] [do not intend] to call expert witnesses at trial. D e f e n d a n t s  may call expert witnesses at trial.  That decision depends in part on whether plaintiffs intend to offer expert testimony.

    i.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **February 1, 2022**, a date not later than 3 months before the deadline for completing all discovery.  Depositions of any such experts will be completed by **March 1, 2022**, a date not later than 2 monthsbefore the deadline for completing all discovery.

    j.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **April 1, 2022**, a date not later than 1 month before the deadline for completing all discovery.  Depositions of such experts will be completed by **May 1, 2022**, a date not later than the discoverycutoff date].

    k.    A damages analysis will be provided by any party who has a claim orcounterclaim for damages by **February 1, 2022**.

    l.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how

information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. [The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:.

    The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint.  The parties will reach further agreement on exactly the form the disclosure of the electronic information will take.  Both sides agree to instruct the parties to preserve these records, as they may presently exist.  As more information becomes available, the parties will reach an agreement on the costs of electronic discovery.

    **m.**    Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

    The parties agree to preserve records (as they may exist) retroactive to the date of the first event alleged in the Complaint.  The parties will reach further agreement on exactly the form the disclosure of the electronic information will take.  Both sides

agree to instruct the parties to preserve these records, as they may presently exist. As more information becomes available, the parties will reach an agreement on the costs of electronic discovery.

**n.** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

Pursuant to Federal Rule of Evidence 502(e), the parties expressly agree that the inadvertent production of privileged information will not constitute a waiver of the privilege. The parties agree to the following procedures for asserting claims of privilege after production: If any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel immediately, and the disclosing party will have 30 days to asset the privilege and seek the return of the information  The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-production protection applies and not to duplicate that information or further disclose it. The parties further agree to utilize Local Rule 26(e)'s privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. In the event that any information that is privileged or subject to work-production protection is disclosed, Federal Rule 26(b)(5)(B) shall control.

F.  **Other Scheduling Issues**

The parties do not anticipate the need for scheduling other issues pertinent to this case.

G.  **Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or.before **July 1, 2022**.

H.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **July 1, 2022** or thirty (30) days after this court rules on any summary judgment motion.

VI.  **TRIAL READINESS**

The case will be ready for trial by **August 1, 2022** or thirty (30) days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs

By /s/ Alan L. Fuchsberg            Date: 7/1/2021

By /s/ Kelly A. Fitzpatrick         Date: 7/1/2021


Defendants

By /s/ Barbara L. Coughlan          Date: 7/1/2021