**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VALERIE JADDO, Individually and as Administrator of the Estate of STEVEN BARRIER Jr., Deceased, on behalf of the Estate and Next of Kin, CONNECTICUT LEGAL RIGHTS PROJECT, Inc. | : | Case No. 3:21-cv-350 (OAW) |
| *Plaintiff* | : | |
| | : | |
| *v.* | : | |
| | : | |
| THE TOWN AND CITY OF STAMFORD, CONNECTICUT, MICHAEL CONNELLY, RHETT CONNELLY, TROY C. JUDGE, DOUGLAS R. DIESO. | : | |
| *Defendants* | : | June 16, 2022 |

**RULING ON DEFENDANTS' MOTION TO STRIKE & FOR A MORE DEFINITE
STATEMENT AND PLAINTIFFS' MOTION FOR CONSOLIDATION**

This case arises out of the tragic death of 23-year-old Steven Barrier while in police custody. Mr. Barrier died on October 23, 2019, following the Stamford Police Department's response to a report of a domestic disturbance between Mr. Barrier and his sister on the night of October 22, 2019. Am. Compl., ECF No. 25, ¶¶ 1–5. It is alleged that Mr. Barrier, who suffered from certain psychiatric conditions including schizophrenia and bipolar disorder, was experiencing a mental health crisis. *Id.* at ¶ 63. The police responded to the incident at Mr. Barrier's family home and were informed by Mr. Barrier's mother as to his psychiatric conditions. *Id.* at ¶ 67. Unable to locate Mr. Barrier, police officers left the family home. *Id.* at ¶ 75. Shortly thereafter, a family member notified the police that Mr. Barrier had had arrived back at the house. *Id.* at ¶ 77. Police officers pursued Mr. Barrier on foot at the hill outside of the family home and found him in a semi-

conscious state. *Id.* at ¶ 83. The officers arrested Mr. Barrier. *Id.* Because Mr. Barrier was unable to walk, police officers had to carry him to the police vehicle at the bottom of the hill. *Id.* at ¶¶ 91–92. The officers then transported Mr. Barrier to the police station. *Id.* at ¶¶ 103–05. It is alleged that Mr. Barrier suffered a seizure in the back of the police vehicle, but officers failed to stop the vehicle or otherwise check on him despite hearing Mr. Barrier moan in pain. *Id.* at ¶ 103. After arriving at the police station, officers discovered that Mr. Barrier had become unresponsive in the back seat of the police vehicle. *Id.* at ¶ 105. The police officers removed Mr. Barrier from the vehicle and, after some time, contacted emergency medical services ("EMS"). *Id.* at ¶¶ 107, 116. EMS transported Mr. Barrier to Stamford Hospital where he was pronounced dead on his 23rd birthday. *Id.* at ¶ 119.

Mr. Barrier's mother, Valerie Jaddo ("Ms. Jaddo"), has brought this suit individually and as Administrator of the Estate of Steven Barrier against the Town and City of Stamford, Connecticut, as well as several members of the Stamford Police Department: Sergeant Michael Connelly, Lieutenant Douglas R. Dieso, and officers Rhett Connelly and Troy C. Judge (collectively, "Defendants"). Ms. Jaddo asserts that Defendants' use of excessive force in arresting and detaining Mr. Barrier, as well as their deliberate indifference to Mr. Barrier's serious and emergent medical needs, violated Mr. Barrier's rights under the Fourth and Fourteenth Amendments of the Constitution. *Id.* at First, Second, Third Counts. Ms. Jaddo also seeks relief under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") for Defendants' failure to provide reasonable accommodations and access to psychiatric services while Mr. Barrier experienced a mental health crisis. *Id.* at Fourth, Fifth Counts. The complaint also asserts several state

law claims for negligence, wrongful death, negligent hiring, and deprivation of civil rights under Connecticut's state constitution.  *Id.* at Sixth, Seventh, Eighth, Ninth Counts.

Joining Ms. Jaddo's complaint as co-plaintiff is the Connecticut Legal Rights Project ("CLRP").  CLRP claims standing in this lawsuit as a nonprofit organization dedicated to protecting the civil rights of Connecticut residents with psychiatric disabilities.  Specifically, CLRP seeks declaratory and injunctive relief to stop similar tragedies from befalling other Stamford residents with mental health disabilities.  *Id.* at Tenth Count.

## I.   PROCEDURAL HISTORY

Plaintiffs filed the instant action on March 16, 2021.  ECF No. 1.  Defendants filed a motion to dismiss on May 19, 2021.  ECF No. 18.  The motion challenged CLRP's standing to bring this action, and also sought to dismiss certain claims brought by Ms. Jaddo including her claim of negligent infliction of emotional distress (bystander emotional distress), and her claims under the ADA and RA.  Defendants argued that these claims should be dismissed for failure to state a claim under Rule 12(b)(6).  Defendants' motion also sought to dismiss the Stamford Police Department as a defendant, since the Department itself is not a legal entity with the capacity to be sued.  In response to the motion to dismiss, Plaintiffs filed an amended complaint on June 8, 2021.  Am. Compl., ECF No. 25.  The amended complaint no longer includes a claim for negligent infliction of emotional distress and expands the factual allegations in support of the ADA and RA claims.  Plaintiffs also modified the Tenth Count of the Amended Complaint by pleading additional facts in support of CLRP's organizational standing.  Lastly, Plaintiffs dropped the Stamford Police Department as a separate named defendant.

Because Plaintiffs had filed an Amended Complaint, the court denied Defendants' motion to dismiss as moot. *See* ECF No. 20. Defendants have not renewed their motion to dismiss in response to the Amended Complaint. Instead, Defendants have filed a Motion for a More Definite Statement and Motion to Strike under Rule 12(e) and 12(f), respectively. Defendants argue that the Amended Complaint must be clarified further before they can renew their motion to dismiss. Plaintiffs have filed a cross motion for consolidation, which requests that Defendants consolidate all their Rule 12 arguments in one motion.

## II.   DISCUSSION

Plaintiffs argue that Defendants' Rule 12(e) and 12(f) Motions should be "summarily rejected for tardiness" because Defendants did not incorporate the motions in their prior Rule 12(b) motion to dismiss (ECF No. 18). The federal rules require a party to raise all its available Rule 12 motions at the same time. Specifically, Rule 12(g)(2) provides, with exceptions not relevant here, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Essentially, "Rule 12(g)(2) requires a party to consolidate [all] its available Rule 12 defenses in a single motion." *Powers-Barnhard v. Butler*, No. 5:19-cv-01208 (BKS/ATB), 2021 U.S. Dist. LEXIS 5226, at *6 (N.D.N.Y. Jan. 12, 2021). In *Powers*, the court rejected a defendant's attempts to file a Rule 12(e) and 12(f) motion after the defendant had already filed a motion to dismiss. *Id.* The court recognized that "[s]ince a motion under Rules 12(e) and 12(f) was available to Defendant at the time he filed his . . . motion to dismiss under Rule 12(b)(2) and Rule 12(b)(3) . . . but [were] omitted from his earlier motion, Defendant cannot bring this motion

now." *Id.*  Indeed, Rule 12(g) "contemplates the presentation of an omnibus pre-answer motion in which [a] defendant advances every available Rule 12 defense and objection he may have that is assertable by motion."   5 Wright & Miller, Federal Practice & Procedure § 1384, at p. 837 (footnotes omitted); *see also* FRA S.p.A. v. Surg-O-Flex of Am., Inc., 415 F. Supp. 421, 427 n.5 (S.D.N.Y. 1976) (denying defendants' motion for a more definite statement under Rule 12(e) as untimely because defendants had already filed a motion to dismiss omitting the 12(e) motion).

Moreover, the filing of an amended complaint has no bearing on a motion subject to Rule 12(g)'s consolidation principle.  The Second Circuit has recognized that "Rule 12 defenses . . . if waived by defendant's failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended the complaint."  *Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108, 112 (2d Cir. 1987) (rejecting defendant's argument that the filing of an amended complaint "revived" defendant's right to seek arbitration when defendant had waived such right in response to the original complaint).  Keeping Rule 12(g)(2) in mind, any Rule 12 motion available to a party at the time a complaint is filed and omitted from a motion to dismiss targeting such complaint, cannot be raised at a later date in response to an amended complaint.

## III.    Defendants' Motion to Strike

### a.  Document References

Defendants claim that all references to the following documents should be stricken from the amended complaint, even though they were referenced in the original complaint: (1) "The Executive Summary of Stamford Police Department's 'In Custody Death' Incident Review" ("Executive Summary") and its attachment as an exhibit; EMS Report/Notes in

paragraphs 85 and 118; the URL location of the video recordings of the body camera footage in paragraph 86; the Fire Department Report in paragraph 117.  Defendants did not move to strike the references to these documents in their prior Rule 12 motion.  *See* ECF No. 18.  In fact, the amended complaint makes almost no substantive changes from the original complaint's references to the Executive Summary, the EMS Report/Notes, the URL link, and the Fire Department Report.  *See* Original Complaint, ECF No. 1 at ¶¶ 26, 43, 84, 108, 116–17, 159.  Defendants' motion to strike the references to these documents in the amended complaint is untimely under Rule 12(g)(2), as it could have been raised alongside the Defendants' prior motion to dismiss (ECF No. 18).

Moreover, to the extent that Defendant claims such material is inadmissible, "[e]videntiary questions . . . are more properly analyzed at trial and not 'on the sterile field of the pleadings alone.'" *Chabad Lubavitch of Litchfield County v. Borough of Litchfield*, 3:09cv1419 (JCH), 2010 U.S. Dist. LEXIS 74033, 2010 WL 3021468, at *1 (D. Conn. July 21, 2010) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).  Defendants claim that by including the Executive Summary in the amended complaint, "plaintiffs want any conclusions reached by that panel to be considered by the jury, which is inappropriate and prejudicial to the defendants."  Defendants also claim that references to the EMS Report and Fire Department Report are also prejudicial.  However, "the pleading stage is not the proper time for the court to weigh prejudice versus probative value. Rather defendants should bring such objections in a motion in limine" prior to trial. *Id.*  Finally, Defendants move to strike the amended complaint's "reference to the URL location of the video recordings of the body camera footage in paragraph 86," because they "do not form the underlying factual basis of the claims set out in the amended

complaint." *See* Mem. in Support of 12(e) and 12(f) Motions, ECF No. 32-1 at p. 11.  To the contrary, nearly all the factual allegations of the complaint, if not the entirety of the complaint itself, relates to the police body camera footage at the cited URL.  The motion to strike all references in the amended complaint to the Executive Summary, the EMS Report/Notes, the Fire Department Report, and the URL link is **DENIED**.

     b.  <u>CLRP's Legislative Activity</u>

Defendants also move to strike the amended complaint's references to CLRP's activities before the Connecticut state legislature, including Exhibit B to the complaint, which contains the testimony of CLRP's Executive Director in support of certain legislative bills related to mental health.  Defendants claim that references to CLRP's legislative testimony "is redundant and impertinent and should be stricken for those reasons." Plaintiffs claim that they amended the complaint to include CLRP's legislative activity in response to Defendants' argument that Plaintiffs had not pled sufficient facts to establish CLRP's standing in this action.  *See* Def.'s Mot. to Dismiss, ECF No. 8 at p. 8.  Plaintiffs further argue that the additional references in the amended complaint demonstrates a likelihood that CLRP will be injured in the future, and directly bears on its organizational standing.

Rule 12(f) allows a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  To have redundant, immaterial, or impertinent matters stricken from a pleading, the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Skaggs v. Subway Real Estate Corp.*,

No. 3:03 CV 1412 (EBB), 2006 U.S. Dist. LEXIS 21033, at *5 (D. Conn. Apr. 19, 2006) (citing *Allocco v. Dow Jones & Co., Inc.*, 2002 U.S. Dist. LEXIS 12542, 02 Civ. 1029 (LMM), 2002 WL 1484400 (S.D.N.Y. July 10, 2002)).   "Motions to strike are generally disfavored, but are within the district court's sound discretion."  *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008).   Defendants have not demonstrated that CLRP's legislative testimony has "no bearing on the issues in the case," particularly in light of Plaintiffs' claim that it addresses the issue of CLRP's standing.  Pls. Cross Mot. to Consolidate, ECF No. 36-1 at 33–39.  If Defendants still wish to challenge CLRP's standing, they may do so by renewing their motion to dismiss, and by addressing CLRP's new allegations in the amended complaint.  The motion to strike references to CLRP's legislative testimony is **<u>DENIED.</u>**

        c.  <u>Unidentified Police Officer Defendants</u>

Defendants also seek to strike all references in the amended complaint to unnamed, unidentified police officers that Plaintiffs have chosen to label "Defendant police officers."  The caption of Plaintiffs' amended complaint indicates that there are four individually-named police officer defendants:  Michael Connelly, Rhett Connelly, Troy C. Judge, and Douglas R. Dieso.  Defendants, however, note that Plaintiffs (in paragraphs 2 and 38 of the amended complaint) suggest that certain claims involve defendant officers who were involved in the incident at issue, but who presently remain unidentified:

> "Indeed, when **'Defendant police officers** (hereinafter defined so as to include both individually named Defendants **and any and all other employed police officers** of the Defendant Town and City of Stamford, Connecticut, who were participating in the specific actions and events described at the time) . . ."  Am. Compl. at ¶ 2 (emphasis added).

> "Defendants SERGEANT MICHAEL CONNELLY, OFFICER RHETT CONNELLY, OFFICER TROY C. JUDGE, and

> LIEUTENANT DOUGLAS R. DIESO are collectively referred to as 'Defendant Officers,' ***and collectively with other police officers involved in the subject incident, as 'Defendant police officers.'*** Am. Compl. at ¶ 38 (emphasis added).

Accordingly, Defendants ask that such references stricken, or, in the alternative, that Plaintiff be required to identify all defendant police officers. Defs. Mot. to Strike, ECF No. 31–1 at 5–6.

While it may be a poor choice to define the term "Defendant police officers" as incorporating a group of individuals who are not, in fact, defendants in this action, the court finds it unnecessary to strike the amended complaint's references to the unidentified police officers. "Striking a pleading has been described as a 'drastic remedy,' and '[t]o prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [movant]." *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102-03 (D. Conn. 2008) (citing 2 Moore's Federal Practice, §§ 12.37[1] & 12.37[3]).

Contrary to Defendants' assertions, the amended complaint provides sufficient notice "as to who the actual defendants are" by listing the individually named police officers in paragraphs 34–37. The court does not consider as defendants in this action any individuals not properly identified or served—even if such individuals were involved in the incident at issue—merely because the amended complaint uses and attempts to define the term, "defendant police officer." The defendants in this action are limited to those who specifically are identified in the complaint, and those who properly have been served. To the extent that additional officers might be named as defendants in this action, the proper method for adding them is through a motion pursuant to Rule 15 (amendment

of the pleadings), at which point Defendants will have an opportunity to object.  The motion to strike references to unidentified police officers is **DENIED**.

To the extent Defendants seek a more definite statement clarifying the identities of unidentified police officers referenced in the complaint, that motion also is **DENIED**. Defendants have not cited any support for their request to have Plaintiffs name all unknown defendants at the outset of litigation.  Plaintiffs cannot reasonably be expected, prior to any discovery, to know the identity of all the police officers who may be subject to the claims in the amended complaint.  *See Simons v. Yale Univ.*, No. 3:19-cv-1547 (VAB), 2020 U.S. Dist. LEXIS 180325, at *35 (D. Conn. Sep. 30, 2020) (denying defendants' motion for a more definite statement to uncover the names of the "unknown defendants" referenced in the complaint because the defendants will not be prejudiced by the plaintiff using discovery methods to uncover their identities).  Further, any future defendants should be reasonably identifiable by the parties, given the available video from body-worn cameras.

  d. <u>Connecticut Police</u>

Defendants also seek to strike paragraph 149 of the amended complaint because it contains a reference to "Connecticut police," rather than Stamford police officers, and is therefore "entirely immaterial" Plaintiffs' claims:

> "Because the Stamford police refuse to abide by proper protocols in treating Black citizens who require urgent psychiatric services as opposed to white citizens, a disproportionable number of police encounters with people of color experiencing mental health crises results in death or irreparable harm. For example: In the past year, Connecticut police killed two Black men diagnosed with schizophrenia by refusing to follow the aforementioned regulations." Am. Compl. at ¶ 149.

Plaintiffs have alleged a Fourteenth Amendment violation of the Equal Protection Clause.  They claim that the Stamford Police Department discriminates against persons of color with psychiatric illnesses by treating them harsher in moments of crisis than white persons in the same situation – such as through excessive force, the failure to deescalate, and the failure to provide medical intervention.  It is premature at this stage of litigation to conclude that an allegation of broader disparate treatment within this state has "no bearing" whatsoever on the issues in this case.  *See Allocco v. Dow Jones & Co.*, 02 Civ. 1029 (LMM), 2002 U.S. Dist. LEXIS 12542, at *3 (S.D.N.Y. July 10, 2002) ("Motions to strike 'are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.'").

Moreover, Defendants state that the reference to Connecticut police "would result in prejudice" to them, but they have failed to explain exactly how this particular paragraph out of the 225-paragraph amended complaint is prejudicial to their defense of this case. Defendants also claim that paragraph 43 is similarly immaterial to Plaintiffs' claims: "Many members of his community were distraught after he died in Defendants' custody."  Again, Defendants have not explained how the statements are prejudicial to their defense, particularly when they appear in an amended complaint and not in an offer of evidence at trial.  To the extent that Defendants (at page 10 of their motion) cite *Winklevoss Capital Fund, LLC v. Shrem*, 351 F.Supp.3d at 721 (S.D.N.Y. 2019), the sentence following the one they reference notes that "the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided.  And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint – on the grounds that the material could not possibly be relevant – on the

11

sterile field of the pleadings alone." *Winklevoss*, 351 F.Supp.3d at 721–22.  The motion to strike paragraphs 43 and 149 of the amended complaint is **DENIED**.

## IV.   Defendants' Motion for a More Definite Statement

### a.   Distinguishing Ms. Jaddo's Individual and Representative Capacity Claims

Defendants seek a more definite statement as to which claims are brought by Ms. Jaddo in her individual capacity versus her representative capacity as the administrator of the estate of Steven Barrier.  Plaintiffs argue that this request is untimely because the original complaint also included claims brought by Ms. Jaddo in her individual capacity. However, the original complaint gave sufficient notice to distinguish the claims brought by Ms. Jaddo in her individual capacity, versus her representative capacity.  For example, the original complaint used the term "Plaintiff" to refer to Ms. Jaddo in her capacity as the administrator of her son's estate.  *See* Original Compl. at First Count–Eighth Count. "Plaintiff Ms. Jaddo," however, was used to refer to Ms. Jaddo's individual capacity.  *Id.* at Ninth Count.  The amended complaint does not make any such distinction.  *See* Am. Compl. at First Count–Eighth Count.  The face of the amended complaint does not indicate whether, for example, the new negligence claim is brought by Ms. Jaddo in her individual capacity or in her capacity as administrator.  However, the caption of both the original complaint and the amended complaint suggests that there are three distinct plaintiffs in this action: (1) Valerie Jaddo, individually; (2) Valerie Jaddo, as Administrator of the Estate of Steven B. Barrier, Jr.; (3) and the Connecticut Legal Rights Project.

Plaintiffs argue that Defendants' request to distinguish the individual and representative capacity claims should be summarily rejected as untimely under Rule 12(g)(2).  It is apparent that Defendants did not have this Rule 12(e) motion available to

them in their prior motion to dismiss, as the original complaint sufficiently distinguished which plaintiff is bringing which claim.  Therefore, Defendants' request for a more definite statement clarifying the capacity in which Ms. Jaddo brings her various claims, is not untimely.

Rule 10(b) provides that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" if doing so would promote clarity. Federal courts have also consistently required separate statements when separate claims are plead, notwithstanding the fact that the claims arose from a single transaction.  5A Fed. Prac. & Proc. Civ. § 1324 (4th ed.).  Courts have relied on Rule 10(b) to order separate statements where a complaint does not distinguish the claims being asserted against multiple defendants, or, as in this case, the complaint fails to specify the claims brought by multiple plaintiffs.  *See id.*  For example, in *Dellefield v. Blockdel Realty Co.*, the court ordered the plaintiff to separate each cause of action being brought in her individual capacity from the claims brought in her representative capacity as the administrator of the decedent's estate.  1 F.R.D. 42, 42 (S.D.N.Y. 1939).

Plaintiffs argue that the amended complaint does not need clarification because Ms. Jaddo is the next of kin beneficiary to her son's estate, and therefore the claims are brought both in her individual capacity and her representative capacity.  Plaintiffs have cited no authority – and the court is unable to find such authority – for the proposition that a beneficiary of an estate may pursue, in their individual capacity, the same claims as an administrator of the estate.  To the contrary, Connecticut law recognizes a "general rule precluding civil actions by heirs and beneficiaries on behalf of an estate."  *Geremia v. Geremia*, 159 Conn. App. 751, 784, 125 A.3d 549, 571 (2015).  Therefore, it is reasonable

for Defendants to seek further clarification as to the claims brought by Ms. Jaddo in her individual capacity and those brought in her capacity as administrator.  Ms. Jaddo may plead each claim however she wishes (including seeking relief in both capacities), but Defendants are entitled to receive notice as to the capacities in which she seeks relief. Plaintiffs' explanation that "Ms. Jaddo is the Plaintiff who brings forth First through Ninth Causes of Action as the Administrator of Mr. Barrier's Estate and also on her own behalf" suggests that Plaintiffs have the ability to clearly distinguish the specific plaintiff(s) who bring each claim.  Pls. Cross Mot. to Consolidate, ECF No. 36-1 at 24.  Defendants' motion for a more definite statement is **GRANTED**.  Within fourteen (14) days of this ruling, Plaintiffs shall file a Second Amended Complaint which clarifies whether each of the claims brought by Ms. Jaddo is in her individual capacity, her representative capacity, or both.

     b.  <u>"Shotgun Pleading"</u>

     Defendants also request a more definite statement clarifying the particular factual allegations in support of each count of the amended complaint.  Defendants claim that because Plaintiffs "repeat and re-allege each and every one of the preceding allegations" in each count, Defendants cannot identify the specific factual allegations that are related to each count of the complaint.  Courts have referred to these types of pleadings "shotgun pleadings."  *See, e.g., McArter & English v. Jarrow Formulas, Inc.*, No. 3:19-cv-01124 (MPS), 2020 U.S. Dist. LEXIS 155704, at *12 (D. Conn. Aug. 27, 2020).  Such pleadings are improper when the complaint makes it "extremely difficult to discern the precise nature of the claims," *Manbeck v. Micka*, 640 F. Supp. 2d 351, 366 (S.D.N.Y. 2009), or when it is "virtually impossible to know which allegations of fact were intended to support which

claim(s) for relief." *Croons v. N.Y. State Office of Mental Health*, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014).  Where a complaint contains multiple counts and each count adopts the allegations of all preceding paragraphs so that the final count of the complaint effectively incorporates nearly the entire complaint itself, the shotgun format may violate Rule 8(a)(2) (requiring "a short and plain statement of the claim") and Rule 10(b) (requiring claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances").  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (shotgun pleading improper when it is "nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief).

Defendants' prior motion to dismiss suggests that they had no trouble identifying for themselves which factual allegations related to which counts.  Indeed, the original complaint followed the same pleading format whereby Plaintiffs "repeat, re-allege, and incorporate by reference each of the preceding allegations."  *See* Original Compl. at ¶¶ 131, 135, 138, 144, 153, 163, 166, 171, 174, 181.  Defendants, in response, drafted a motion to dismiss alleging that Plaintiffs did not plead sufficient facts to support CLRP's standing in this case, or Ms. Jaddo's emotional distress claim, or the ADA and RA claims. Indeed, the court is inclined to reject Defendants' arguments as untimely under Rule 12(g)(2) for their failure to raise the shotgun pleading issue in their prior motion to dismiss.

Regardless, the court finds that the complaint's "organizational scheme is adequate to provide notice to [Defendants] of the legal claims alleged against it and the factual grounds upon which those claims rest." *McCarter & Eng., LLP v. Jarrow Formulas, Inc.*, No. 3:19-CV-01124 (MPS), 2020 WL 5074303, at *4 (D. Conn. Aug. 27, 2020)

(rejecting party's "shotgun pleading" argument because the pleading is "a far cry from the rambling, confused pleadings described in cases" typically involving shotgun pleadings). Although Defendants argue that the complaint is not "limited as far as practicable to a single set of circumstances," the court finds that the allegations in the complaint are organized chronologically and with clarity as to the events on October 22 and 23.  Defs. Mot. to Strike, ECF No. 31-1 at 3.  While the complaint contains factual assertions beyond those dates, such as references to Defendants' "systemic pattern of non-compliance" with crisis intervention training ("CIT"), those allegations appear to be offered in contextual support of the single incident between Defendants and Mr. Barrier.  *See* Am. Compl. at ¶ 174 ("Defendants violated Mr. Barrier's rights when they failed to follow the Connecticut CIT training standard of care[.]").  To the extent that Defendants rely on *Oliver v. New York State Police*, 2019 WL 453363 (W.D.N.Y. Feb. 5, 2019), that case is distinguishable from Plaintiffs' complaint.   In *Oliver*, the complaint contained "voluminous factual allegations followed by a list of 20 causes of action, none of which are tied to any of the preceding facts."  *Id.*, at *10.  Here, each count listed in the complaint contains additional paragraphs directly related to that particular claim.  For example, while the amended complaint's Equal Protection claim in the third count incorporates all preceding paragraphs, it also includes nine additional paragraphs related to Defendants' alleged equal protection violation.  While it may be helpful to Defendants to have additional clarification as to the factual allegations in support of each count, "Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process."  *ProBatter Sports, LLC v. Sports Tutor, Inc.*, 246 F.R.D. 99, 101 (D. Conn. 2007).  Defendants cannot argue that they lack fair notice of the claims merely

because of the format of a complaint that is written with overall clarity, and that precisely lists each theory of liability.  Moreover, the federal rules expressly authorize incorporation of paragraphs within the same pleading.  *See* Fed. R. Civ. P. Rule 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading[.]").

The motion for a more definite statement to clarify the factual allegations in support of each count is **DENIED**.  Defendants also request that Plaintiffs further clarify which claims are alleged as to which defendants.  However, each count of the amended complaint specifies whether the claim is against "all Defendants" (i.e. the First, Second, Third, Sixth, Seventh, Eighth Counts), or just "Defendant Town and City of Stamford" (i.e. the Fourth, Fifth, and Ninth counts).  Accordingly, the motion for a more definite statement to clarify the claims against each defendant is **DENIED**.

      c.   <u>Claims Suggested but Not Pleaded</u>

Lastly, Defendants seek a more definite statement that outlines "in separate counts each and every claim" that Plaintiffs are asserting against them.  Defendants note that the amended complaint alludes to intentional tort and gross negligence claims, but Plaintiffs do not actually set forth those claims among their ten causes of action.  *See* Am. Compl. at ¶ 6 (describing police officers as acting "with a culpable state of mind" who "intentionally violated mandatory protocols"); *see also id.* at ¶ 7-8 (describing the police department's conduct as "gross and reckless").  Defendants claim that requiring Plaintiffs to assert every claim they seek – including those alluded to in the amended complaint – is necessary to "avoid later surprise."   The court finds that the amended complaint provides sufficient notice as to the claims asserted against Defendants.  Plaintiffs have not asserted a "gross negligence" claim – only a negligence claim.  Am. Compl. at Eighth

Count.  Defendants cite to *Wallet* as authority for granting a motion for a definite statement where a complaint alludes to causes of actions not alleged.  *Wallett v. Anderson*, 198 F.R.D. 20, 24 (D. Conn. 2000).  The *Wallet* court, however, granted the motion because Plaintiff had omitted all state law claims from the complaint entirely – even though the complaint clearly contemplated state law claims.  *Wallett v. Anderson*, 198 F.R.D. 20, 24 (D. Conn. 2000).  Here, there is no ambiguity as to the claims asserted against Defendants.  The complaint asserts ten counts with each count asserting a different theory of liability.  A Rule 12(e) motion is designed to address complaints "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The motion is not intended to prevent parties from later attempting to amend a complaint after discovery.  Accordingly, the motion is **DENIED**.

**V.    Plaintiffs' Motion to Consolidate Defendants' Rule 12 Motions**

In objecting to Defendants' motion to strike and motion for a more definite statement, Plaintiffs have filed their own cross motion to consolidate all of Defendants' Rule 12 motions.  Pls. Mot. to Consolidate, ECF No. 36.  Plaintiffs argue that Defendants' Rule 12 motions, including the 12(e) motion for a more definite statement, the 12(f) motion to strike and the 12(b) motion to dismiss, all should be consolidated "[i]n the interest of judicial economy and efficient resolution of disputes[.]"  *Id.* at 8.  Defendants, however, do not have a pending motion to dismiss.  After Plaintiffs filed their amended complaint, the court denied Defendants' motion to dismiss as moot and specifically stated that "[s]hould defendants choose to renew their motion to dismiss, they may incorporate by reference any prior briefing."  Order, ECF No. 28.  To date, Defendants have not renewed their motion.  Instead, Defendants chose to file the instant 12(e) and 12(f) motions.  In

Footnote 1 of Defendants' motion, Defendants renewed their 12(b) motion only in the event that "*the court requires that all Rule 12 motions be combined*."  Defs. Mot. to Strike, ECF No. 32-1 at 3 n.1.

To consolidate Defendants' previous motion to dismiss with the instant 12(e) and 12(f) motions would improperly limit the scope of Defendants' motion to dismiss to the original complaint, rather than the amended complaint. Defendants would be deprived of the opportunity to address any new factual allegations or legal issues raised in the amended complaint.  Therefore, the motion to consolidate is **DENIED**.

## VI.   CONCLUSION

Defendants' motion to strike is **DENIED** in its entirety.  Defendants' motion for a more definite statement is **DENIED** in part and **GRANTED** in part.  Plaintiffs hereby are directed to file a Second Amended Complaint within fourteen (14) days of this ruling specifying whether each claim brought by Ms. Jaddo is in her individual capacity, her representative capacity as the administrator of the estate of Steven Barrier, or both.  Plaintiffs' motion to consolidate Defendants' Rule 12(e), 12(f), and 12(b) motions is **DENIED**.

**IT IS SO ORDERED**. Entered at Hartford, Connecticut, this 16th day of June, 2022.

*/s/ Omar A. Williams*
Omar A. Williams
United States District Judge