UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALERIE JADDO, ET AL | : | CIVIL ACTION |
| Plaintiffs, | : | |
| VS. | : | NO. 3:21-cv-00350 (MPS) |
| CITY OF STAMFORD, ET AL | : | |
| Defendants. | : | OCTOBER 12, 2022 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SEAL AUTOPSY REPORT**

**I.   INTRODUCTION**

The plaintiffs move to seal the entire Autopsy Report (the "Report") of the plaintiff's decedent, which Report has been marked as Exhibit A to defendants' Motion to Dismiss. *ECF No. 56; ECF No. 70*.  The plaintiffs argue that the Report contains confidential and sensitive health information and that such information is not necessary for the disposition of the Motion to Dismiss.  The Report has, however, been marked as an Exhibit in connection with the dispositive motion filed and is, therefore, relevant to the performance of the judicial function.  Moreover, the plaintiffs have failed to demonstrate that sealing of the entire Autopsy Report regarding an individual who had died will preserve any higher value or that such a broad order to seal is narrowly tailored to achieve that aim.  For these reasons, as set out in further detail below, the Motion to Seal should be denied.

1

II.     **BACKGROUND**

On July 29, 2022, the defendants filed a Motion to Dismiss the plaintiffs' Second Amended Complaint. *ECF No. 56*. In their Memorandum in Support of that Motion to Dismiss, the defendants state that "[a]ccording to the Autopsy Report, [Mr. Barrier's] cause of death was 'atherosclerotic coronary artery disease'"[1] and marked the Report as Exhibit A to the Motion to Dismiss. *Memorandum, ECF No. 57 at 2*.[2] The defendants made reference to the Report and included it as an exhibit to the Motion to Dismiss because the Report was referenced in the Complaint, *SAC ¶ 120*, and, as a result, the Report is incorporated by reference in the Complaint. The plaintiffs have filed a Motion to Seal the Autopsy Report and also argue, as they did in their Memorandum in Opposition to Defendants' Motion to Dismiss, that the Autopsy Report should not be considered by the Court in ruling on the Motion to Dismiss. That is an issue, however, separate and apart from whether the Report should be sealed or not. The fact is that the Report has now been filed as Exhibit A to the Motion to Dismiss. The question before the Court at this time then, in ruling on the Motion to Seal, is only whether it should be sealed or not. It should not be because the plaintiffs have failed to show that sealing the entire

---

[1] The plaintiffs do not dispute that this is what the Report says. Thus, contrary to the plaintiffs' assertion in their Memorandum in Support of Motion to Seal ("Plaintiffs' Memorandum"), there is no factual dispute as to what the Autopsy Report states. They argue, instead, that if the Court considers the Medical Examiner's Autopsy Report, which is a public record, the Court should also consider their Expert's Report regarding Mr. Barrier's cause of death. This is not, however, the issue before the Court herein. The issue before this Court on this Motion is whether the Report, already filed as an Exhibit, should be sealed or not.

[2] When the defendants initially filed their Motion to Dismiss they indicated that the Autopsy Report would be filed under seal. They did so in an abundance of caution and prior to conversing with the plaintiffs' attorneys about plaintiffs' position regarding filing an unsealed version of the Report. After conversing with plaintiffs' counsel who indicated that plaintiffs wanted the Report filed under seal, the undersigned researched the issue further and concluded that the law does not support sealing the Report. As a result, the Report was filed and the plaintiffs have now moved to seal the Report.

Autopsy Report is supported by clear and compelling reasons and is narrowly tailored to serve those reasons as required by Local Rule 5(e)3.

### III. ARGUMENT

The plaintiffs argue that the Report contains "confidential health information", *Plaintiffs' Memorandum, ECF No. 71-1, at 4*; "information exempted from disclosure pursuant to the Health Information Portability and Accountability Act", *Plaintiffs' Memorandum, ECF No. 71-1 at 6;* and "sensitive and confidential information regarding Mr. Barrier's body and parts thereof, as well as his medical history", *Id. at 7*. Plaintiffs' conclusory statements are inadequate to support an order to seal the entire Report, particularly when redactions could address privacy concerns.  As noted by the court in *Estate of Jackson by Jackson v. Suffolk County, 2019 WL 3253063, at *8*, that "can be remedied with specific redactions."  Id., citing *Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019)*.

In determining whether the Report may be sealed, the Court must first determine whether the Report is a "judicial document" "subject to a presumptive right of public access, whether on common law or First Amendment grounds."  *United States v. HSBC Bank USA, N.A., 863 F.3d 125, 134 (2d Cir. 2017)*.  Even if the Court decides not to rely on the Report in connection with its decision on the Motion to Dismiss, if the Report is relevant to the performance of the judicial function, whether or not it is relied upon, it should be made accessible to the public unless there is a specific reason found after the court has made a particularized review, not to allow such access. *Brown, supra, at 51*.

If the Report is a judicial document, then the Court "must determine the weight of that presumption" of access and "balance competing considerations against it" such as

3

"the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).*

"[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019).* The majority of cases relied upon by the plaintiffs in their Memorandum pertain to discovery disputes and not dispositive motions, such as the one herein, and are therefore, not persuasive.

## IV. CONCLUSION

The plaintiffs have not established a basis for sealing the entire Autopsy Report, which has been marked as Exhibit A to the defendants' Motion to Dismiss. If there is a privacy concern relating to the decedent and the disclosure of the Report, that concern can be addressed with appropriate redactions to the Autopsy Report, Ultimately, the Report will be used in connection with any further dispositive motion, such as a summary judgment motion, and/or at trial. It should not be sealed in its entirety.

FOR THE DEFENDANTS

BY_____/s/_____
Barbara L. Coughlan, Esq.
Fed Bar No. ct03466
Assistant Corporation Counsel
City of Stamford
888 Washington Blvd
P.O. Box 10152
Stamford, CT  06904-2152
Tel:  (203) 977-4087
Fax: (203) 977-5560
E-mail: bcoughlan@stamfordct.gov

## **CERTIFICATION**

      I hereby certify that on October 12, 2022 a copy of the foregoing Defendants' Memorandum in Opposition to Plaintiffs' Motion to Seal Autopsy Report was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. The Motion was also served on the plaintiffs' counsel via regular mail and email at the addresses set out below:

    Alan L. Fuchsberg, Esq.
    The Jacob D. Fuchsberg Law Firm, LLP
    3 Park Avenue, 37th Floor
    New York, NY 10016
    A.Fuchsberg@fuchsberg.com

    Kelly A. Fitzpatrick, Esq.
    Fitzpatrick Law, LLC
    33 Bullet Hill Road, Suite 301B
    Southbury, CT 06488
    Kelly@FitzpatrickLawGroup.com

                                    _____/s/_____
                                             Barbara L. Coughlan, Esq.