UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VALERIE JADDO, Individually and as Administrator of the Estate of STEVEN BARRIER Jr., Deceased, on behalf of the Estate and Next of Kin, CONNECTICUT LEGAL RIGHTS PROJECT, Inc.<br>*Plaintiffs*<br><br>v.<br><br>THE TOWN AND CITY OF STAMFORD, CONNECTICUT,<br>MICHAEL CONNELLY,<br>RHETT CONNELLY,<br>TROY C. JUDGE,<br>DOUGLAS R. DIESO.<br>*Defendants.* | Case No. 3:21-cv-350 (OAW)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MARCH 21, 2023 |

## RULING ON PLAINTIFFS' MOTION TO SEAL

Plaintiffs have moved to seal the autopsy report (the "Report") of Steven Barrier ("Mr. Barrier"). Defendants filed the Report as an exhibit in support of their motion to dismiss. ECF No. 70. Plaintiffs argue that the Report should be sealed because it contains sensitive and confidential health information pertaining to Mr. Barrier. In response, Defendant argues that the presumption of public access to judicial documents weighs against sealing the Report. For the reasons stated herein, the motion to seal hereby is **GRANTED**. The Report shall remain under seal in its entirety.

### I. BACKGROUND

Plaintiffs bring this action for claims arising out of the death of Mr. Barrier while in the custody of the Stamford Police Department. On July 29, 2022, Defendants filed a motion to dismiss Plaintiffs' Second Amended Complaint. ECF No. 56. In their motion,

Defendants referenced the Report as Exhibit A to the Motion to Dismiss. ECF 56-1. Defendants, however, neglected to submit the Report when filing their motion. *Id*. Instead, Defendants submitted a blank page labeled "Autopsy Report to be submitted under seal." *Id.* at 2. Thereafter, the court allowed Defendants to submit the Report after the motion had been filed. ECF No. 65. In doing so, the court acknowledged that Plaintiffs objected to the Report being considered during review of Defendants' motion to dismiss, and it clarified that its order "merely seeks to correct a filing omission." *Id.* The parties then disagreed about whether the Report should be filed with redactions, or under seal. ECF No. 67, 68. Given the disagreement, the court ordered the Report to be filed under seal pending the parties' briefing on the instant motion to seal. ECF No. 69.

## II. STANDARD

The court's standing protective order explains that documents filed with the court are "public documents" that will be sealed "only upon motion and in accordance with applicable law." ECF No. 4. Any order to seal issued by the court must include "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to support those reasons." D. Conn. L. Civ. R. 5(e)3. For a document properly to be sealed, the court must determine the weight of the presumption of public access to that document and balance it against any competing considerations, such as the privacy interests of those resisting disclosure. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). No document, however, shall be sealed merely by stipulation or consent of the parties. D. Conn. L. Civ. R. 5(e)3. Indeed, "the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004)).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public:"

> First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access. Second, if the documents are judicial documents, the court must determine the weight of the presumption, that is, whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason[,] or whether the presumption is somewhere in between. Third, once the weight of the presumption is determined, a court must balance competing considerations against it. Countervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure.

*Saint-Jean v. Emigrant Mortg. Co.*, 11-CV-2122 (SJ), 2016 WL 11430775, at *3 (E.D.N.Y. May 24, 2016) (internal quotation marks and citation omitted); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

### III. DISCUSSION

The court finds that the Report is not a "judicial document." "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Instead, a judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process[.]" *Id.* Defendants' motion to dismiss argues four main points: (1) that the Connecticut Legal Rights Project ("CLRP") is without standing to bring this action as a co-plaintiff with Ms. Valerie Jaddo (the executrix of Mr. Barrier's estate); (2) that the claim brought pursuant to Connecticut's wrongful death statute should be dismissed; (3) that the count alleging negligence in the care and

3

treatment of Mr. Barrier should be dismissed; and that (4) the claims under the Americans with Disabilities Act and the Rehabilitation Act should be dismissed. Defendants do not cite the Report in support of any of its arguments. Instead, the sole reference to the Report is in the "Introduction" section of Defendants' brief. Mem. of Law at 2, ECF No. 57. Although the Report undoubtedly may be relevant at a later stage of litigation, it is neither helpful nor relevant in the court's resolution of the particular legal issues contained in Defendants' motion to dismiss (such as standing, pleading form, and whether Plaintiffs have stated a claim for the disputed counts). Indeed, while the court reviewed the Report, it did not need to cite to it when ruling on the motion to dismiss. *See* ECF No. 80. Nevertheless, as Defendants note in their objection, "Ultimately, the Report will be used in connection with any further dispositive motion, such as summary judgment." Defs.' Obj. at 4, ECF No. 74. At this stage, however, and on the instant claims, sealing is proper.

While Plaintiffs seek to seal the entire Report, Defendants already have disclosed in their publicly-filed motion to dismiss Mr. Barrier's cause and manner of death, as determined in the Report.[1] Mem. of Law at 2, ECF No. 57. As stated by the United States Court of Appeals for the Second Circuit, "[w]e simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."

---

[1] The court's protective order attempts to avoid this very type of disclosure, in that parties may designate certain material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Protective Order at ¶¶ 3–4, ECF No. 4. This "Designated Material" may be disclosed *only* to the persons listed in the protective order at ¶¶ 5(a)–(e). Thus, to the extent that a party submits a brief that cites (or that attaches as an exhibit) information designated as confidential, that party must file the brief under seal so as not to disclose the Designated Material. When filing a motion, the party may file a notice indicating that certain information has been marked by the opposing party as confidential under the protective order. A redacted version of the brief (including any exhibits not marked as confidential) must be filed publicly. After the sealed and redacted versions of the motion are filed, together with the notice identifying the information marked as confidential by the opposing party, the opposing party must file its motion to seal, explaining the basis for its claimed confidentiality. If necessary, the motion to seal may be filed as a sealed document.

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). Still, the body of Defendants' motion to dismiss does not subject the entire Report to public access.

The court agrees with Plaintiffs that the vast majority of the Report contains federally-protected health information. Under the Health Insurance Portability and Accountability Act (HIPAA), the individually-identifiable health information of a decedent is protected for fifty (50) years following the date of the individual's death. 45 CFR 160.103 (defining "protected health information" as excluding individually-identifiable health information "[r]egarding a person who has been deceased for more than 50 years"). Defendants do not dispute that the Report is covered under HIPAA. Courts do not hesitate to seal medical records protected by federal law. *See McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) (sealing documents containing information exempt from disclosure under HIPAA); *see also Toolasprashad v. Toolasprashad*, No. 21CV4672RPKJRC, 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021) (noting that courts in this circuit routinely seal medical records). Moreover, Plaintiffs' interest in maintaining the confidentiality of Mr. Barrier's health records would overcome a high presumption of public access even if the Report were to qualify as a judicial document. Thus, despite the cause and manner of death already having been disclosed, the Report itself shall remain under seal. Any attempt to redact the Report would result in a document entirely blacked out, but for the cause and manner of death. Therefore, the court finds it unnecessary to require Plaintiffs to submit a redacted version of the Report under these circumstances. Accordingly, Plaintiffs' motion to seal hereby is **<u>GRANTED</u>.** The Report shall remain under seal in its entirety.

**IT IS SO ORDERED.** Entered at Hartford, Connecticut, this 21st day of March, 2023.

/s/
OMAR A. WILLIAMS
United States District Judge