UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALERIE JADDO, ET AL | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| VS. | : | NO. 3:21-cv-00350 (OAW) |
| | : | |
| CITY OF STAMFORD, ET AL | : | |
| | : | |
| Defendants. | : | APRIL 10, 2023 |

## PRELIMINARY STATEMENT

1.      As to paragraph 1, the defendants admit that this action arises out of the incidents of October 23, 2019.  The balance of the paragraph is denied.

2.      As to paragraph 2, the defendants admit that Mr. Barrier had psychiatric disabilities, but deny that the disabilities were known to all defendants.  The balance of the paragraph is denied.

3.      Paragraph 3 is denied.

4.      Paragraph 4 is denied.

5.      Paragraph 5 is denied.

6.      Paragraph 6 is denied.

7.      Paragraph 7 is denied.

8.      Paragraph 8 is denied.

9.      Paragraph 9 is denied.

10.     Paragraph 10 is denied.

11.     Paragraph 11 is denied.

12.     As to paragraph 12, the Executive Summary speaks for itself and is not admissible in evidence.  The defendants leave the plaintiff to her proof regarding same.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     Paragraph 18 is denied.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is denied.

23.     Defendants do not respond to paragraph 23 as CLRP is no longer a party to the action.

24.     Defendants do not respond to paragraph 24 as CLRP is no longer a party to the action.

25.     Defendants do not respond to paragraph 24 as CLRP is no longer a party to the action.

26.     Defendants do not respond to paragraph 24 as CLRP is no longer a party to the action.

27.     Defendants do not respond to paragraph 24 as CLRP is no longer a party to the action.

**PARTIES**

28.     As to paragraph 28, the defendants admit that Mr. Barrier was a citizen of the State of Connecticut and was in the custody of the Stamford Police Department on

October 23, 2019 and that Ms. Jaddo has brought this action as Administrator of the Estate of Stephen Barrier, seeking damages.  The balance of the paragraph is denied.

29.     Defendants do not respond to paragraph 24 as CLRP is no longer a party to the action.

30.     Defendants do not respond to paragraph 30 as CLRP is no longer a party to the action.

31.     Defendants do not respond to paragraph 31 as CLRP is no longer a party to the action.

32.     As to paragraph 32, the defendants admit that the City of Stamford is a municipal governmental entity.  The balance of the paragraph is denied.

33.     As to paragraph 33, it is admitted that the Police Department is located at 725 Bedford Street in Stamford, Connecticut and that the City of Stamford receives federal financial assistance, some of which is used by the Police Department.   The balance of the paragraph is denied.

34.     As to paragraph 34, it is admitted that defendant Michael Connelly was and is a Sergeant employed by the City and that he has been sued in his individual and official capacities.  The balance of the paragraph is denied.

35.     As to paragraph 35, it is admitted that defendant Rhett Connelly was and is an officer employed by the City; that he has been sued in his individual and official capacities; and that he participated in the arrest of Mr. Barrier.  The balance of the paragraph is denied.

36.     As to paragraph 36, it is admitted that defendant Troy Judge was and is an officer employed by the City; that he has been sued in his individual and official capacities;

and that he participated in the arrest of Mr. Barrier.  The balance of the paragraph is denied.

37.     As to paragraph 37, it is admitted that defendant Douglas Dieso was and is a lieutenant employed by the City; that he has been sued in his individual and official capacities; and that he participated in the arrest of Mr. Barrier.  The balance of the paragraph is denied.

38.     The defendants do not respond to paragraph 38 as there are no factual allegations set out therein.

39.     As to paragraph 39, it is admitted that the defendant officers were employed by the City of Stamford.  The balance of the paragraph is denied.

## JURISDICTION

40.     Paragraph 40 is admitted.

41.     Paragraph 41 is admitted.

## VENUE

42.     Paragraph 42 is admitted.

## STATEMENT OF FACTS

43.     As to paragraph 43, the defendants are without sufficient knowledge and information to form a belief and leave the plaintiff to her proof.

44.     As to paragraph 44, the defendants are without sufficient knowledge and information to form a belief and leave the plaintiff to her proof.

45.     As to paragraph 45, the defendants are without sufficient knowledge and information to form a belief and leave the plaintiff to her proof.

46.     Paragraph 46 is denied.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49      Paragraph 49 is denied.

50.     Paragraph 50 is denied.

51.     As to the first sentence of paragraph 51, the defendants are without sufficient knowledge or information to form a belief and leave the plaintiff to her proof. The balance of the paragraph is denied.

52.     Paragraph 52 is denied.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     Paragraph 57 is denied.

58.     Paragraph 58 is denied.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     Paragraph 61 is denied.

62.     As to paragraph 62, the defendants are without sufficient knowledge or information to form a belief and leave the plaintiff to her proof.

63.     As to paragraph 63, it is admitted that Mr. Barrier started pointing a broom at his mother.  The balance of the paragraph is denied.

64.     Paragraph 64 is admitted.

65.     Paragraph 65 is denied.

66.     As to the first sentence of paragraph 66, the defendants are without sufficient knowledge or information to form a belief and leave the plaintiff to her proof. The balance of the paragraph is denied.

67.     As to the first sentence of paragraph 67, it is admitted that police officers, including defendant Michael Connelly, arrived at the family home at or about 11:45 pm. The balance of the paragraph is denied.

68.     Paragraph 68 is admitted.

69.     Paragraph 69 is denied.

70.     Paragraph 70 is denied.

71.     Paragraph 71 is denied.

72.     As to the first sentence of paragraph 72, it is admitted.  The balance of the paragraph is denied.

73.     Paragraph 73 is denied.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     As to paragraph 76, the defendants are without sufficient knowledge or information to form a belief and leave the plaintiff to her proof.

77.     As to paragraph 77, it is admitted that Mr. Barrier's sister contacted the 911 call center at 1:24 am to report that Mr. Barrier had returned home.  The balance of the paragraph is denied.

78.     As to paragraph 78, it is admitted that police officers returned to the home at or about 1:28 am.  The balance of the paragraph is denied.

79.     Paragraph 79 is denied.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied.

82.     Paragraph 82 is denied.

83.     As to paragraph 83, it is admitted that after Mr. Barrier fled, the police followed him in a foot pursuit.  The balance of the paragraph is denied.

84.     Paragraph 84 is denied.

85.     As to paragraph 85, the record of the EMS agent will speak for itself, if it is admitted into evidence.

86.     As to paragraph 86, the defendants do not admit that the body camera footage is incorporated into the complaint, but they do admit the balance of the paragraph.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

89.     Paragraph 89 is denied.

90.     Paragraph 90 is denied.

91.     Paragraph 91 is denied.

92.     Paragraph 92 is denied.

93.     As to paragraph 93 and the video footage, it speaks for itself, if admissible. The balance of the paragraph is denied.

94.     Paragraph 94 is denied.

95.     As to paragraph 95, the first sentence is admitted.  The balance of the paragraph is denied.

96.     Paragraph 96 is denied.

97.     Paragraph 97 is denied.

98.     Paragraph 98 is denied.

99.     As to paragraph 99, it is admitted that Mr. Barrier was placed in the back of a police car.  The balance of the paragraph is denied.

100.    Paragraph 100 is denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    As to paragraph 104, it is admitted that the hospital was closer to the site of arrest than the police precinct.  The balance of the paragraph is denied.

105.    Paragraph 105 is denied.

106.    Paragraph 106 is denied.

107.    Paragraph 107 is denied.

108.    As to paragraph 108, it is admitted that Mr. Barrier remained handcuffed. The balance of the paragraph is denied.

109.    Paragraph 109 is denied.

110.    Paragraph 110 is denied.

111.    Paragraph 111 is denied.

112.    As to paragraph 112, it is admitted that the quotes are accurate. The balance of the paragraph is denied.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied.

116.    As to paragraph 116, it is admitted a police officer contacted EMS as soon as Mr. Barrier was placed in the cell.  The balance of the paragraph is denied.

117.    As to paragraph 117, the record of the Fire Department will speak for itself, if it is admitted into evidence.

118.    Paragraph 118 is denied.

119.    Paragraph 119 is admitted.

120.    Paragraph 120 is denied.

121.    As to paragraph 121, it is admitted that people marched and protested at the Stamford Police Department.  The balance of the paragraph is denied.

122.    Paragraph 122 is admitted.

123.    Paragraph 123 is denied.

124.    Paragraph 124 is denied.

125.    Paragraph 125 is denied.

126.    Paragraph 126 is denied.

127.    Paragraph 127 is denied.

128.    Paragraph 128 is denied.

129.    Paragraph 129 is denied.

130.    Paragraph 130 is denied.

## FIRST COUNT

131.    As to paragraph 131, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out herein.

132.    Paragraph 132 is denied.

133.    Paragraph 133 is denied.

134.    Paragraph 134 is denied.

135.    As to paragraph 135, it is admitted that the plaintiff brings this action to recover damages.  The balance of the paragraph is denied.

136.    Paragraph 136 is denied.

137.    Paragraph 137 is denied.

**SECOND COUNT**

138.    As to paragraph 138, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

139.    Paragraph 139 is denied.

140.    Paragraph 140 is denied.

141.    As to paragraph 141, it is admitted that the plaintiff brings this action to recover damages.  The balance of the paragraph is denied.

142.    Paragraph 142 is denied.

143.    Paragraph 143 is denied.

**THIRD COUNT**

144.    As to paragraph 144, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

145.    Paragraph 145 is denied.

146.    Paragraph 146 is denied.

147.    Paragraph 147 is denied.

148.    Paragraph 148 is denied.

149.    Paragraph 149 is denied.

150.    Paragraph 150 is denied.

151.    Paragraph 151 is denied.

152.    As to paragraph 152, it is admitted that the plaintiff brings this action to recover damages.  The balance of the paragraph is denied.

153.    Paragraph 153 is denied.

154.    Paragraph 154 is denied.

## FOURTH COUNT

155.    As to paragraph 155, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

156.    Paragraph 156 is denied.

157.    Paragraph 157 is denied.

158.    Paragraph 158 is denied.

159.    Paragraph 159 is denied.

160.    Paragraph 160 is denied.

161.    Paragraph 161 is denied.

162.    Paragraph 162 is denied.

163.    Paragraph 163 is denied.

164.    Paragraph 164 is denied.

165.    Paragraph 165 is denied.

166.    Paragraph 166 is denied.

167.    Paragraph 167 is denied.

168.    As to paragraph 168, it is admitted that the plaintiff brings this action to recover damages.  The balance of the paragraph is denied.

## FIFTH COUNT

169.   As to paragraph 169, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

170.   Paragraph 170 is denied.

171.   Paragraph 171 is denied.

172.   Paragraph 172 is denied.

173.   Paragraph 173 is denied.

174.   Paragraph 174 is denied.

175.   Paragraph 175 is denied.

176.   Paragraph 176 is denied.

177.   Paragraph 177 is denied.

178.   Paragraph 178 is denied.

179.   Paragraph 179 is denied.

180.   Paragraph 180 is denied.

181.   Paragraph 181 is denied.

182.   As to paragraph 182, it is admitted that the plaintiff brings this action to recover damages.  The balance of the paragraph is denied.

**SIXTH COUNT**

183.   As to paragraph 183, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

184.   Paragraph 184 is denied.

185.   Paragraph 185 is denied.

186.   As to paragraph 186, it is admitted that the plaintiff brings this action to recover damages.  The balance of the paragraph is denied.

187.   Paragraph 187 is denied.

**SEVENTH COUNT**

188.   As to paragraph 188, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

189.   Paragraph 189 is admitted.

190.   Paragraph 190 Is admitted.

191.   Paragraph 191 is admitted.

192.   Paragraph 192 is denied.

193.   Paragraph 193 is denied.

194.   As to paragraph 194, it is admitted that the plaintiff, as Administratrix, brings this action to recover damages.  The balance of the paragraph is denied.

195.   The defendants do not respond to paragraph 195 as the Court has ruled that Ms. Jaddo, individually, cannot pursue a wrongful death action.

**EIGHTH COUNT**

196.   As to paragraph 196, the defendants reassert and re-allege their responses to all preceding allegations of the Complaint, as if set out more fully herein.

197.   Paragraph 197 is denied.

198.   Paragraph 198 is denied.

199.   As to paragraph 199, it is admitted that the plaintiff, as Administratrix, brings this action to recover damages.  The balance of the paragraph is denied.

**NINTH COUNT**

The defendants do not respond to the Ninth Count as the plaintiff CLRP and its claims have been dismissed.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff fails to state a claim for each and every cause of action purported to be set forth in the Second Amended Complaint.

**SECOND AFFIRMATIVE DEFENSE**

The defendants have qualified immunity for all federal causes of action purported to be set forth in plaintiff's Second Amended Complaint for which immunity is or may be available.

**THIRD AFFIRMATIVE DEFENSE**

The defendants have governmental immunity for all state causes of action purported to be set forth in the Second Amended Complaint for which governmental immunity, under the common law and under Section 52-557n of the Connecticut General Statutes, is or may be available.

**FOURTH AFFIRMATIVE DEFENSE**

As to all claims that excessive force was used, the defendants were justified in using the force used pursuant to Section 53a-22 of the Connecticut General Statutes.

**FIFTH AFFIRMATIVE DEFENSE**

As to any claim for punitive damages against the defendant City, there is no provision for such claim.

FOR THE DEFENDANTS,


BY_____/s/_____
Barbara L. Coughlan, Esq.
Fed Bar No. ct03466
Assistant Corporation Counsel
City of Stamford
888 Washington Blvd
P.O. Box 10152
Stamford, CT  06904-2152
Tel:  (203) 977-4087
Fax: (203) 977-5560
E-mail: bcoughlan@stamfordct.gov


**<u>CERTIFICATION</u>**

I hereby certify that on April 10, 2023, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


_____/s/_____
Barbara L. Coughlan, Esq.